United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11444
Summary Calendar

JEFFERY LANE MCKINNEY,

Plaintiff-Appellant,

versus

J. WILLIAMS, Property Officer; Officer B. DAVIS, Captain;
M. HOPKINS; R. HENRY; D. DAVIS, Field Officer; AMERICAN
CORRECTION ASSOCIATION STANDARD; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CV-120
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jeffery Lane McKinney, Texas prisoner # 642497, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as time-barred and,
alternatively, as frivolous and for failure to state a claim.
McKinney argues that the district court's time-bar determination
was erroneous and that because the defendants did not answer his
complaint, the district court should have granted him a default
judgment instead of dismissing his complaint as time-barred.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McKinney's property claims accrued on March 6, 2001, and his retaliation claims and the false disciplinary claims challenging the conditions of his confinement accrued on March 12, 2001. See Harris v. Hegmann, 198 F.3d 153, 156-57 (5th Cir. 1999). The two-year limitations period was tolled for a total of 116 days while McKinney exhausted his administrative remedies, i.e., from March 19, 2001, through July 12, 2001. See id. at 158; Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Therefore, to be timely, all of his claims had to be filed no later than Monday, July 7, 2003. Consequently, his complaint, filed on July 11, 2003, was time-barred.

We add that McKinney has failed to brief the district court's determination that his prison disciplinary claim seeking monetary damages was barred by Heck v. Humphrey, 512 U.S. 477 (1994), and he has therefore waived its review. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Finally, because McKinney's complaint clearly indicated that his claims were time-barred, the district court was authorized to dismiss the suit at any time. 28 U.S.C. § 1915(e)(2); Harris, 198 F.3d at 156.

McKinney's appeal lacks arguable merit and therefore is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of the § 1983 claims and our dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). McKinney is

cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.